# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40443
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL YARBROUGH; ASHLEY NICOLE YARBROUGH, also known as
Ashley Phillips,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-551-1
USDC No. 2:12-CR-551-2

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Yarbrough pleaded guilty to one count of aiding and abetting
the illegal dealing and manufacturing of firearms and one count of shipping,
transporting, or receiving firearms in interstate or foreign commerce knowing
or believing that a felony was to be committed. His codefendant, Ashley Nicole
Yarbrough, pleaded guilty to making false, fictitious, and fraudulent material

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

statements to a federal agent.  The defendants' guilty pleas were pursuant to conditional plea agreements in which they reserved the right to appeal from the denial of their motions to suppress evidence seized from their home.

The defendants contend that the district court incorrectly concluded that the law enforcement officers who entered their property with a valid arrest warrant for another person, Elias Puebla, had a reasonable belief that Puebla lived at their home.  They argue that the evidence adduced at the suppression hearing showed that the officers gave inconsistent testimony regarding what they were told about where Puebla likely was living, and had no information that Puebla resided at their home.  The defendants contend that the officers could have believed only that Puebla was a guest at the defendants' home, and, thus, the officers' entry onto the defendants' property was unconstitutional.

Viewed in the light most favorable to the Government, the evidence does not reflect that the district court clearly erred in finding that the officers had a reasonable belief that Puebla lived at the defendants' home when they sought to execute the arrest warrant.  *See United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir. 2010); *United States v. Barrera*, 464 F.3d 496, 504 (5th Cir. 2006).  The officers had much reliable information from independent sources that gave rise to a reasonable belief that Puebla resided at the defendants' home.  *See Barrera*, 464 F.3d at 504; *United States v. Route*, 104 F.3d 59, 62 (5th Cir. 1997).

The judgment of the district court is AFFIRMED.